UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT L. WATSON,<br>    Plaintiff,<br> v.<br>CITY & COUNTY OF SAN FRANCISCO,<br>    Defendant. | Case No. 18-cv-07052-EMC<br><br>**ORDER DENYING PLAINTIFF'S LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**<br><br>Docket No. 12 |

On December 4, 2018, the Court dismissed Plaintiff Albert Watson's complaint without leave to amend. Docket No. 8 ("Order"). On December 31, 2018, Mr. Watson filed a notice of appeal to the Ninth Circuit. Docket No. 12. On January 16, 2019, the Ninth Circuit referred the matter to this Court to determine whether Mr. Watson's in forma pauperis ("IFP") status should continue for the appeal or whether the appeal is frivolous or taken in bad faith. *Watson v. City & County of San Francisco*, No. 19-15030 (9th Cir. filed Jan. 7, 2019), Docket No. 2. For the reasons set forth below, the Court **CERTIFIES** that the appeal is not taken in good faith, and therefore **DENIES** Mr. Watson leave to proceed *in forma pauperis* on appeal.

## I.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trail court certifies in writing that it is not taken in good faith." An appeal is in good faith where it seeks review of any issue that is nonfrivolous. *Hooker v. American Airlines*, 302 F. 3d 1091, 1092 (9th Cir. 2002) (holding that revocation of previously-granted IFP status is appropriate where the district court finds the appeal frivolous). An issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

## II. DISCUSSION

As the Order detailed, Mr. Watson's complaint alleged two causes of action. First, he sought to remove a child support order entered against him, which he alleged is part of a "government program to extort" him. Order at 1. He brought the same claim against the City in state court in 2016 (the "State Court Action"). *Id.* Second, he "requests that the Supreme Court of the United States issue an Exparte, Summery Judgement [sic], granting [his] request for Entry of Default Judgment" against the City in the State Court Action. *Id.* at 1–2. He contends that the City failed to answer his complaint in state court, but that the Superior Court, Court of Appeal, and California Supreme Court each refused to enter default judgment in his favor. *Id.* at 2. The Court dismissed Mr. Watson's first claim was barred by the doctrine of res judicata, since he had litigated the same claim in another state court case in 2014. *Id.* His second claim was dismissed because the order of the Superior Court in the State Court Action declining to enter default judgment against the City was a non-appealable interlocutory order that, under the *Rooker-Feldman* doctrine, this Court did not have the authority to review. *Id.* at 2–3.

Mr. Watson's claims on appeal lack an arguable basis in fact or law for the same reasons. His first claim is barred by the principles of res judicata. *See Brooks v. Pinnacle Fin. Corp.*, No. LACV1607711JAKAJW, 2018 WL 1322028, at *2 (C.D. Cal. Jan. 5, 2018) (finding appeal raising claims "time barred and precluded by principles of res judicata" to be frivolous under § 1915(a)(3)). Mr. Watson suggests that res judicata does not apply here because the State Court Action he filed in 2016 "was never litigated." Docket No. 13 at 15. But the State Court Action never proceeded to the merits because it was dismissed pursuant to the res judicata effect of the state court case filed in 2014. *See* Docket No. 1, Exh. 1 at 30. The second claim provides Mr. Watson no basis for relief because the underlying order from the state court was not appealable under California law, and the *Rooker-Feldman* doctrine independently bars this Court from reversing a state court order. *See Loumena v. Nichols*, No. 15-CV-02303-BLF, 2016 WL 10536994, at *2 (N.D. Cal. Mar. 1, 2016) (finding appeal frivolous under § 1915(a)(3) because the federal court "lack[ed] subject matter jurisdiction under the *Rooker-Feldman* doctrine to grant the relief Plaintiff s[ought]"). Indeed, Mr. Watson's Notice of Appeal states that he "understands that

the Federal District Court does not have the requisite appellate authority to reverse an oder [sic] from the State Court, on default." Docket No. 13 at 18.

Accordingly, the Court **CERTIFIES** that Mr. Watson's appeal is not taken in good faith and **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

Dated: January 24, 2019

_____
EDWARD M. CHEN
United States District Judge